**E-FILED IN OFFICE - NV**
**CLERK OF SUPERIOR COURT**
**GWINNETT COUNTY, GEORGIA**
**21-A-09189-6**
**11/24/2021 1:01 PM**
**TIANA P. GARNER, CLERK**

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Justin Lamar Bouchillon**

PLAINTIFF

CIVIL ACTION
NUMBER: **21-A-09189-6**

VS.

**Gwinnett County**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**R. Douglas Lenhardt**
**1280 W. Broad St.**
**Athens, GA 30606**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 24th day of November, 2021 _____, 20_____.

**Tiana P. Garner**
**Clerk of Superior Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

Exhibit "A"                                                                 1 of 38

**E-FILED IN OFFICE - NV**
**CLERK OF SUPERIOR COURT**
**GWINNETT COUNTY, GEORGIA**
**21-A-09189-6**
**11/24/2021 1:03 PM**
**TIANA P. GARNER, CLERK**

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Justin Lamar Bouchillon**

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: **21-A-09189-6**

VS.

**The Gwinnett Count Police Department**

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

**R. Douglas Lenhardt**
**1280 W. Broad St.**
**Athens, GA 30606**

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ **day of** 24th day of November, 2021 _____, **20_____.**

Tiana P. Garner
**Clerk of Superior Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

Exhibit "A"                                                    2 of 38

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-09189-6**
**11/24/2021 1:07 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Justin Lamar Bouchillon**
_____
_____
_____

                    PLAINTIFF

CIVIL ACTION
NUMBER: **21-A-09189-6**

                    VS.

**E.S. Boyd**
_____
_____
_____

                    DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   **R. Douglas Lenhardt**
   **1280 W. Broad St.**
   **Athens, GA 30606**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 24th day of November, 2021 _____, 20_____.

                    Tiana P. Garner
                    **Clerk of Superior Court**

                    By_____
                    **Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Exhibit "A"                    3 of 38

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-09189-6**
**11/24/2021 1:10 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Justin Lamar Bouchillon**

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: **21-A-09189-6**

VS.

**Tom Doran**

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   **R. Douglas Lenhardt**
   **1280 W. Broad St.**
   **Athens, GA 30606**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____24th day of November, 2021_____, 20____.

Tiana P. Garner
**Clerk of Superior Court**

By_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

Exhibit "A"                                    4 of 38

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-09189-6**
**11/24/2021 1:14 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Justin Lamar Bouchillon**
_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER: **21-A-09189-6**

VS.

**Jesse Jones**
_____

_____

_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   **R. Douglas Lenhardt**
   **1280 W. Broad St.**
   **Athens, GA 30606**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____24th day of November, 2021_____, 20____.

Tiana P. Garner
Clerk of Superior Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

Exhibit "A"                                    5 of 38

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-09189-6**
**11/24/2021 1:16 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Justin Lamar Bouchillon**

_____

_____

CIVIL ACTION
NUMBER:_____ **21-A-09189-6**

PLAINTIFF

VS.

**C.J. Lymber**

_____

_____

DEFENDANT

**SUMMONS**

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**R. Douglas Lenhardt**
**1280 W. Broad St.**
**Athens, GA 30606**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of 24th day of November, 2021 _____, 20_____.

Tiana P. Garner
Clerk of Superior Court

By_____
Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011

E-FILED IN OFFICE - AM
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-09189-6**
**11/23/2021 4:49 PM**
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

JUSTIN LAMAR BOUCHILLON,

          Plaintiff

vs.

Gwinnett County; the Gwinnett County Police Department; E.S. BOYD, In his individual capacity as an Officer for Gwinnett County, Georgia, Police Department; TOM DORAN, In his Individual Capacity as Former Chief for Gwinnett County, Georgia, Police Department; JESSE JONES, In his individual capacity as Assistant Chief for Gwinnett County, Georgia, Police Department; C.J. LYMBER, In his official capacity as Corporal for Gwinnett County, Georgia, Police Department.

          Defendants.

Civil Action File No.: 21-A-09189-6 _____

COMPLAINT FOR DAMAGES

JURY TRIAL DEMANDED

## COMPLAINT

For his Complaint, Plaintiff Justin Lamar Bouchillon, by and through the below signed attorney, states and alleges, as follows:

### Introduction

1. This cause of action arises out of the unlawful use of deadly force against Plaintiff at 3613 Fair Hill Drive, Bethlehem, Gwinnett County, Georgia 30620 on July 26, 2019, and the subsequent unlawful arrest and malicious prosecution of Plaintiff.

2. This cause of action is for monetary damages brought pursuant to 42 U.S.C.

§ 1983 to redress the deprivation under color of state law of Bouchillon's clearly established rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution; malicious prosecution under O.C.G.A. § 51-7-40; false imprisonment

1

under O.C.G.A. § 51-7-20; physical injury under O.C.G.A. § 51-1-13, violent injury under O.C.G.A. § 51-1-14, defamation under O.C.G.A. § 51-5-1, *et. seq.*; and violations of and conspiracy to violate 42 U.S.C. §1983 against Defendants E.S. Boyd, Tom Doran, Jesse Jones, and C.J. Lymber in their respective capacities as duly-certified law enforcement officersemployed by the Gwinnett County Police Department (collectively, the "Defendant Officers"), the County of Gwinnett, a political subdivision of this state, and the Gwinnett County Police Department ("GCPD"), for their respective violations of Mr. Bouchillon's right to be free from unlawful arrest and the unlawful use of excessive and deadly force. This cause of action is also brought for monetary damages pursuant to Georgia State tort claims.

### Jurisdiction and Venue

1. This Court has concurrent jurisdiction in this case because all incidents, events, and occurrences giving rise to this action occurred in the State of Georgia. The initial incident for which the excessive force claim arises occurred on July 26, 2019. The false imprisonment and malicious prosecution events occurred beginning July 30, 2019.

   A. The statute of limitations was tolled as a matter of law pursuant the THIRD ORDER EXTENDING STATEWIDE JUDICIAL EMERGENCY issued on June 12, 2020 by Chief Justice Herold Melton extending the statute of limitations 122 days to at least Thursday, November 25, 2021, which is a state holiday thus extending the Statute of Limitation to Friday, November 26, 2021. Therefore, this Complaint is timely filed.

   B. Pursuant to O.C.G.A. §50-21-26, within 12 months of the loss, notice was given to Risk Management Division of Georgia DOAS and each state government entity, the act or omissions of which are asserted as the basis of the claim. A copy of the notice of claim presented to the Department of Administrative Services and to said entities together with the certified mail or statutory overnight delivery receipt or receipt for other delivery attached as exhibits are attached hereto as Exhibit A.

2. Venue is proper in this Court based on the location of the incident in Gwinnett County, Georgia, as well as the residence of the Defendant Officers therein.

2

Exhibit "A"                                                                    8 of 38

## The Parties

3. Plaintiff is a citizen of the United States.

4. Upon information and belief, Defendant Boyd is and was at all times material hereto a resident of Gwinnett County, Georgia.

5. Defendant Boyd was at all times material hereto employed by the Gwinnett County Police Department as a duly appointed and sworn police officer, and was acting in his individual capacity and/or under color of state law, and within the scope of his employment with the GCPD.

6. Upon information and belief, Defendant Doran is and was at all times material hereto a resident of Gwinnett County, Georgia.

7. Defendant Doran was at all times material hereto employed by the GCPD as a duly appointed and sworn police officer, and was acting in his individual capacity and/or under color of state law, and within the scope of his employment with the GCPD.

8. Upon information and belief, Defendant Jones is and was at all times material hereto a resident of Gwinnett County, Georgia.

9. Defendant Jones was at all times material hereto employed by the GCPD as a duly appointed and sworn police officer, and was acting in his individual capacity and/or under color of state law, and within the scope of his employment with the GCPD.

10. Upon information and belief, Defendant Lymber is and was at all times material hereto a resident of Gwinnett County, Georgia.

11. Defendant Lymber was at all times material hereto employed by the GCPD as a duly appointed and sworn police officer, and was acting in his individual capacity and/or under color of state law, and within the scope of his employment with the GCPD.

12. Gwinnett County, Georgia is and was at all time material hereto a political subdivision of the State of Georgia, organized and existing under and by virtue of the laws of Georgia.

13. The Gwinnett County Police Department is and was at all time material hereto a political subdivision of the State of Georgia, organized and existing under and by virtue of the laws of Georgia.

## Factual Allegations

### A: Initial Incident:

14. On the afternoon of Friday, July 26, 2019, Gwinnett County Police Department

3

command staff including then-acting Chief Tom Doran and Assistant Chief Jesse Jones, instructed Corporal Eric Cline, Sergeant Scott Barrett and Steven Claghorn of the Gwinnett County Police Department to arrest Justin Bouchillon.

15. According to the arrest warrant, Mr. Bouchillon, "Plaintiff", allegedly violated a bond condition ordering no contact condition with his then-estranged wife by messaging his estranged wife's mother and sister through Facebook.

16. When Cpl. Cline, Sgt. Barrett, and Cpt. Claghorn arrived at Mr. Bouchillon's residence to serve a misdemeanor warrant for the alleged contact, Mr. Bouchillon informed them he would turn himself in the following Monday.

17. As a 20-year veteran of the Gwinnett County Police Department ("GCPD"), Plaintiff was confused as to why the GCPD was serving this warrant as it is not within the GCPD's standard operating procedure to serve misdemeanor warrants and further he had not made any contact with his estranged wife.

18. A review of the Axon video shows that said officers questioned the handling of the warrant and stated that it didn't "feel right."

19. Despite their reservations, the officers became aggressive and refused to leave the curtilage of Mr. Bouchillon's home.

20. Mr. Bouchillon remained into his home away from said officers after their initial dubious encounter and contacted his friend and colleague, Lieutenant Rick Klok.

21. Lt. Klok and Mr. Bouchillon discussed the matter over Mr. Bouchillon's and Lt. Klok's personal cell phones and spoke several times over the next several hours as the matter intensified.

22. Lt. Klok told Mr. Bouchillon that if he did not "come out" that this "would not end well."

23. Mr. Bouchillon relayed to Lt. Klok that he hoped no officer would get hurt. Specifically, Mr. Bouchillon stated, "I would hate to hurt a brother in blue."

24. Mr. Bouchillon did not threaten Lt. Klok or *any other individual.*

25. Lt. Klok did not find anything threatening about the exchange between him and Mr. Bouchillon.

26. Lt. Klok informed the officers on the scene that Mr. Bouchillon may be suicidal and that he believed this *may possibly* be a "suicide by cop" situation.

4

27. Upon being informed of this information from Lt. Klok, the aforementioned officers who were on scene at Mr. Bouchillon's residence made no attempt to de-escalate the incident.

28. The command staff called in the SWAT/SRT team and nearly 100 officers and armored vehicles arrived on the scene.

29. By the time the SWAT/SRT team arrived, Mr. Bouchillon had simply exited the back door of his home without the knowledge of the officers.

30. After some time, Mr. Bouchillon indicated to Lt. Klok that he intended to turn himself in to the GCPD and that he would meet officers at a picnic table behind his home.

31. Plaintiff emerged from the woods carrying only his shoes.

32. Plaintiff was barefoot wearing only shorts and a t-shirt.

33. It was very clear that Mr. Bouchillon was not armed.

34. After placing his shoes on the ground as instructed, the officers, including Defendant Officer Boyd, shouted conflicting commands.

35. One officer commanded Plaintiff to put his hands up, while another ordered Plaintiff to lie down on the ground.

36. Confused as to which command to follow, Mr. Bouchillon remained standing with his hands in the air to show he was not armed and did not intend to cause harm to any of the officers or himself.

37. Defendant Boyd took the aforementioned non-threatening brief delay by Plaintiff due to the conflicting commands as disobeying orders and excessively tased the unarmed Plaintiff for approximately ten seconds.

38. The average duration of a taser pulse cycle is five seconds.

39. Plaintiff endured at least two full pulse cycles.

40. According to the GCPD's General Orders regarding the Use of Force, the Core Principle of the GCPD is to "gain voluntary compliance of subjects, when consistent with personal safety, to eliminate the need to use force or reduce the force that is needed." *General Order 503.02(D)*.

41. According to the GCPD's General Orders regarding the Use of Force, "Officers will use de-escalation techniques to prevent or reduce the need for force when it is safe and feasible to do so…" *General Order 503.02(E)*.

5

42. Further, "Force may not be resorted to unless other reasonable alternatives have been exhausted or would clearly be ineffective under the particular circumstances." *General Order 503.04(A)*.

43. Deadly force is restricted to the following: "1. [W]hen the officer reasonably believes that the action is in defense of human life, including the officer's own life, or in defense of any person in imminent danger of death or serious bodily injury..."

44. Use of force, much less deadly force is not permitted simply because a subject is not complying 'fast enough' with an officer's instructions.

45. Gwinnett County uses a Police S.W.A.T. Matrix with 5 categories to determine if "S.W.A.T. is required for service/execution of warrant." *Gwinnett County Police S.W.A.T. Matrix*

46. The encounter complained of herein did not meet the criteria for calling S.W.A.T. to Plaintiff's home.

47. The herein named Defendants violated GCPD's Use of Force General Orders and its S.W.A.T. Matrix in failing to de-escalate the situation, calling S.W.A.T. to the scene, and immediately resorting to deadly force against Plaintiff when Plaintiff was voluntarily compliant and posed no threat to human life or of causing serious bodily injury.

**B. Subsequent Incident:**

48. Immediately after the tasing of Mr. Bouchillon, command staff including Acting Chief Tom Doran and Assistant Chief Jesses Jones ordered then Sergeant Dennis Hennley to have Corporal C.J. Lymber to take out an unsubstantiated warrant against Plaintiff claiming obstruction of law enforcement against Officer Boyd.

49. When Cpl. Lymber asked Ofc. Boyd for details regarding the obstruction claim all Defendant Boyd claimed was that the Plaintiff was uncooperative.

50. Magistrate Judge William Brogdon signed the arrest warrant.

51. Judge Brogdon questioned why Cpl. Lymber took out the warrant and not Ofc. Boyd since Cpl. Lymber could not swear to the veracity of the events.

52. Judge Brogdon acknowledged that other officers were present to witness the "obstruction."

53. O.C.G.A. § 17-4-40(a) requires the officer either have first-hand knowledge or

6

information testified under oath by others to officer presenting the warrant.

54. There is evidence to support Sgt. Dennis Hennley and Cpl. Lymber's suspicions that they were asked to obtain the warrant to justify Ofc. Boyd excessively tasing Plaintiff Bouchillon.

55. The conspiracy to issue a warrant for a crime that was not witnessed by the officers swearing out said warrant is a clear violation of Mr. Bouchillon's civil rights and the statute governing the issuance of warrants.

56. Later, despite reservations of and protests from the alleged victim, Lt. Klok, the lead investigator Sgt. Hennley, Cpl. Lymber and Major Steve Shaw; the command staff directed that Cpl. Lymber take out a second unsubstantiated and false warrant alleging terroristic threats.

57. Said warrant did not include personal knowledge of Cpl. Lymber.

58. Neither Sgt. Hennley nor Cpl. Lymber could verify the statements in the warrant.

59. Instead, the warrant contained the patently false statement, to wit: that the statement was "corroborated by the three witnesses R. Choate #894, J. Golliher #847, and J. Ayers #654 as they listened to the threat via telephone on multiple occasions. "

60. The above-referenced statement is easily disproven as the alleged witnesses were not present to overhear the conversation and there was no recording of the private conversation between Lt. Klok and Plaintiff Bouchillon.

61. The warrant for terroristic threats was solely based on the above-described phone call Mr. Bouchillon had with Lt. Klok.

62. The phone call between Lt. Klok and Plaintiff was made as a desire to seek a peaceful resolution to the initial contact made by GCPD.

63. Asst. Chief Jones then called the Athens-Clarke County Solicitor and requested said Solicitor to revoke bond on the pending misdemeanor case in that county.

64. As a result of Acting Chief Tom Doran and Assistant Chief Jesses Jones actions Bouchillon was subsequently maliciously prosecuted and forced to remain incarcerated, completely isolated, for fifteen days.

65. The Gwinnett County District Attorney's Office determined there was not probable cause to pursue charge.

66. On November 6, 2019, the DA dismissed *all* charges against Plaintiff Bouchillon.

7

## General Damages

67. As a result of the above-detailed incidents, Mr. Bouchillon has suffered extreme pain and suffering, humiliation and personal injuries.

68. Mr. Bouchillon was coerced into resigning his position by the same command staff involved in the incidents.

69. Mr. Bouchillon lost his job, his livelihood, his reputation in the community and his ability to find additional sustainable employment all as a direct result of the incidents caused by the Defendants.

70. Additionally, Mr. Bouchillon suffered extreme mental and emotion distress from experiencing these outrageous, violent and intentional acts.

71. Mr. Bouchillon's claims fulfill the elements necessary for bringing a malicious prosecution case in both Federal and State courts. (*Turner v. Kasper,* 307 Ga. App 172 (2010); *Douglas v. United States,* 796 F. Supp 2d 1354 (2011); *Luke v. Gulley,* No. 20-11076 (11th Cir. Sep. 15, 2020)

72. Specifically, Mr. Bouchillon was prosecuted with malice and without probable cause. (*Luke v. Gulley,* No. 20-11076 (11th Cir. Sep. 15, 2020).

73. Mr. Bouchillon brings an action for violation of and conspiracy to violate 42 U.S.C. § 1983.

74. Mr. Bouchillon brings an action for malicious prosecution under O.C.G.A. § 51-7-40.

75. Mr. Bouchillon brings an action for false imprisonment under O.C.G.A. § 51-7-20.

76. Mr. Bouchillon brings an action for simple assault under O.C.G.A. § 16-5-20.

77. Mr. Bouchillon brings an action for battery under O.C.G.A. § 16-5-23.1.

78. Mr. Bouchillon brings an action for defamation under O.C.G.A. § 51-5-1, *et. seq.*

79. Mr. Bouchillon brings an action for intentional infliction of emotion distress under O.C.G.A. § 51-1-19.

## Count I – 42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violation

80. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

### Use of Constitutionally Unreasonable and Excessive Force by Defendant Boyd (Use of Taser)

81. At all material times, Defendant Boyd had no material reason to believe that Plaintiff was armed or dangerous.

82. At all material times, Defendant Boyd did not have a reasonable fear of imminent bodily

8

harm when he drew his taser on Plaintiff, nor did Defendant Boyd have a reasonable belief that any other persons was in danger of imminent bodily danger from Plaintiff.

83. Every reasonable officer would have known that employing a deadly taser against Plaintiff to affect an arrest in the aforementioned circumstances constituted the objectively unreasonable use of force.

84. As a direct and proximate result of the malicious and outrageous conduct of Defendant Boyd as set forth above, he is liable to Plaintiff for damages in the form of lost wages and permanent loss of capacity to earn wages in the future.

85. The aforementioned acts of Defendant Boyd were intentional, wanton, malicious, and oppressive; and, Defendant Boyd is liable to Plaintiff for punitive damages.

86. Plaintiff is entitled to recovery of costs, including reasonable attorney's fees and expenses, pursuant to applicable law.

### Count II – Claims pursuant to State Law

87. Plaintiff incorporates and re-alleges the averments in paragraphs 1-87 as though fully pleaded herein.

88. The above-referenced actions by Defendant Boyd were intentional, without justification, and solely with the tortuous actual intent to cause injury.

89. The above-referenced actions by Defendant Doran were intentional, without justification, and solely with the tortuous actual intent to cause injury.

90. The above-referenced actions by Defendant Jones were intentional, without justification, and solely with the tortuous actual intent to cause injury.

91. The above-referenced actions by Defendant Lymber were intentional, without justification, and solely with the tortuous actual intent to cause injury.

### A: O.C.G.A. § 51-1-13 (Physical Injury)

92. The named Defendants committed a physical injury upon Plaintiff in the absence of a justification.

93. Plaintiff was injured as a direct and proximate cause of Defendants actions.

94. Defendants are liable to Plaintiff for compensatory, general, and punitive damages pursuant to O.C.G.A. § 51-1-13.

9

### B: O.C.G.A. § 51-1-14 (Violent Injury)

95. The named Defendants committed a violent injury upon Plaintiff.

96. Plaintiff was violently injured as a direct and proximate cause of Defendants actions.

97. Defendants are liable to Plaintiff for compensatory, general, and punitive damages pursuant to O.C.G.A. § 51-1-14.

### C: O.C.G.A. § 51-7-1 (False Arrest – Two Counts)

98. The named Defendants committed two counts false arrest without probable cause and with malice upon Plaintiff; the first for Obstruction and the second for Terroristic Threats.

99. Plaintiff was injured as a direct and proximate cause of Defendants actions.

100. Defendants are liable to Plaintiff for compensatory, general, and punitive damages pursuant to O.C.G.A. § 51-7-1.

### D: O.C.G.A. § 51-7-20 (False Imprisonment)

101. The named Defendants did unlawfully detain Plaintiff and deprive him of his liberty.

102. Plaintiff was injured as a direct and proximate cause of Defendants actions.

103. Defendants are liable to Plaintiff for compensatory, general, and punitive damages pursuant to O.C.G.A. § 51-7-20.

### E: O.C.G.A. § 51-7-40 (Malicious Prosecution – Two Counts)

104. The named Defendants did carry out two prosecutions without probable cause and with malice against Plaintiff; the first for Obstruction and the second for Terroristic Threats.

105. Plaintiff was injured as a direct and proximate cause of Defendants actions.

106. Defendants are liable to Plaintiff for compensatory, general, and punitive damages pursuant to O.C.G.A. § 51-7-40.

### F: O.C.G.A. § 51-5-1 *et. seq.* (Defamation of Character)

107. The named Defendants did publish and utter false and malicious allegations against Plaintiff, to wit: imputing the crimes of Obstruction of Law Enforcement and Terroristic Threats, allegations which by their nature tend to injure the reputation of Plaintiff and expose him to public hatred, contempt and ridicule.

10

108. Plaintiff was injured as a direct and proximate cause of Defendants actions.

109. Defendants are liable to Plaintiff for compensatory, general, and punitive damages pursuant to O.C.G.A. § 51-5-1, et. seq.

### Prayer for Relief

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

a) As to Count I, a monetary judgment against above-named Defendants for compensatory, special, and punitive damages together with costs including reasonable attorney's fees and expenses;

b) As to Count II, a monetary judgment against above-named Defendants for compensatory, special, and punitive damages together with costs including reasonable attorney's fees and expenses;

c) For such other and further relief as this Court deems just and equitable.

Respectfully submitted, this 23rd day of November, 2021.

*R. Douglas Lenhardt*
R. Douglas Lenhardt
Attorney for Plaintiff
GA State Bar No.: 446503

The Law Office of
R. DOUGLAS LENHARDT, LLC.
1280 West Broad Street
Athens, GA 30606
(706) 369-5433
doug@lenhardtlaw.com

11

# EXHIBIT "A"

⊟FILE COPY

*The Law Office of*

*R. Douglas Lenhardt, LLC*

June 11, 2020

***VIA FEDEX STATUTORY***
***OVERNIGHT DELIVERY***
Director – Risk Management
Administrative Services (DOAS)
200 Piedmont Ave, S.E., Ste. 1220
Atlanta, Georgia 30334-9010

FedEx Tracking No.:
777518266211

RE:   **MY CLIENT:**              **Justin Lamar Bouchillon**
      **YOUR EMPLOYEES:**    **SPO E.S. Boyd, B1460**
                          **Cpl. C.J. Lymber, B1075**
                          **Asst. Chief Jesse Jones, Uniform Division**
      **INCIDENT DATE:**        **July 26, 2019**
      **INCIDENT LOCATION:**   **3613 Flat Run Dr., Bethlehem, GA 30620**

## NOTICE OF POSSIBLE CLAIM AND DEMAND TO PRESERVE EVIDENCE

Dear Director of Risk Management,

I am writing on behalf of Justin Lamar Bouchillon to inform the DOAS, Gwinnett County Police Department, Gwinnett County, Gwinnett County District Attorney's Office, SPO E.S. Boyd, , individually , Cpl. C.J. Lymber, , individually, and Asst. Chief Jesse Jones, individually, of a possible claim. Mr. Bouchillon suffered injuries due to excessive force by SPO E.S. Boyd of the Gwinnett County P.D. and was falsely arrested, detained and imprisoned by SPO E.S. Boyd and other officers during an incident that occurred on July 26, 2019 in violation of his civil rights. Furthermore, Mr. Bouchillon was maliciously prosecuted by SPO Boyd, Cpl. C.J. Lymber, and Asst. Chief Jesse Jones.

Because of this excessive force, false arrest, false imprisonment and malicious prosecution, Mr. Bouchillon suffered physical, emotional and economic damages as well as harm to his reputation and defamation of his character. His damages are in excess of $75,000.00.

As used in this document, "you" and "your" refers to Gwinnett County, Gwinnett County Police Department, Chief Doran, Former Chief Ayers, SPO Boyd, Cpl. C.J. Lymber, and Asst. Chief Jesse Jones, and its or their predecessors, successors, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

**1280 West Broad St., Athens GA 30606—706-369-5433—doug@lenhardtlaw.com**

I have not concluded my investigation into the incident, but am directing you to preserve all evidence that may be relevant to the incident and subsequent prosecution. Specifically, we demand that you preserve all documents, tangible things and electronically stored information including audio and/or video evidence potentially relevant to the issues surrounding this incident. In addition, we demand that you preserve the employment files of SPO Boyd, Cpl. C.J. Lymber, and Asst. Chief Jesse Jones, as well as any security footage and documents that would indicate which other officers were working on the date referenced above.

You are directed to preserve all materials related to this incident and the above- named individuals. You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones). Electronically stored information (hereinafter "ESI") should be afforded *the broadest possible definition* and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV, .MP3, .MP4 files);
- Video and Animation (e.g., .AVI , .MOV, MP4 and any other media files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!, etc.);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools, etc);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations, etc.)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., Zip, .GHO, etc.)

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

1280 W. Broad St., Athens GA 30606—706-369-5433—doug@lenhardtlaw.com

The demand that you preserve both accessible and inaccessible ESI is reasonable and necessary. Pursuant to amendments to the Federal Rules of Civil Procedure that have been approved by the United States Supreme Court (eff. 12/1/06), you must identify all sources of ESI you decline to produce and demonstrate to the court why such sources are not reasonably accessible. For good cause shown, the court may then order production of the ESI, even if it finds that it is not reasonably accessible. Accordingly, even ESI that you deem reasonably inaccessible must be preserved in the interim so as not to deprive the plaintiffs of their right to secure the evidence or the Court of its right to adjudicate the issue.

In the event you fail to properly secure and preserve this evidence, such failure will give rise to the legal presumption that the evidence would have been harmful to your case. See: O.C.G.A. § 24-14-22, *Sheats v. Kroger Co.*, 336 Ga. App. 307, 309 (2016).

Thank you in advance for your attention to this matter.

Warmest Regards,

K. Douglas Lenhardt

c.c. Justin Bouchillon

1280 W. Broad St., Athens GA 30606—706-369-5433—doug@lenhardtlaw.com



May 06, 2021

Dear Customer,

The following is proof-of-delivery for tracking number: 777518266211

**Delivery Information:**

| Status: | Delivered | Delivered to: | |
|---|---|---|---|
| Signed for by: | C. WILLIAMS | Delivery Location: | 200 Piedmont Ave. Ste. 1220 |
| Service type: | Fedex Standard Overnight | | West Tower |
| Special Handling: | Deliver Weekday | | ATLANTA, GA, 30334 |
| | | Delivery Date: | June 12, 2020 08:58 |

**Shipping Information:**

| Tracking number: | 777518266211 | Ship Date: | June 11, 2020 |
|---|---|---|---|
| | | Weight: | |
| Recipient: | | Shipper: | |
| ATLANTA, GA, US, | | ATHENS, GA,US, | |

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

Thank you for choosing FedEx

Exhibit "A"                                                        22 of 38



Brian Kemp
Governor

J. Alexander Atwood
Commissioner

June 25, 2020

The Law Office of R. Douglas Lenhardt, LLC
1280 West Broad Street
Athens, Georgia 30606
Attn: R. Douglas Lenhardt

Re:     DOAS file number:     GL201906832
        State Agency:          Prosecuting Attorney Council
        Date of Loss:          07/26/2019
        Claimant:             Justin Bouchillon

Dear Mr. Lenhardt

We are in receipt of your correspondence advising us that you represent the above captioned claimant.

Before we can properly set up your client's claim we need the following information:

Claimant's Full Name: Justin Lamar Bouchillon
Claimant's Date of Birth: 03-30-1976
Claimant's Address: 3613 Flat Run Dr., Bethlehem, GA 30620
Claimant's Social Security Number: 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

Is your client receiving or eligible to receive Medicare/Medicaid/SSI? ___ Yes or ✓ No

PLEASE NOTE THAT WE CAN NOT PROPERLY SET UP YOUR CLIENT'S CLAIM UNTIL WE RECEIVE THIS INFORMATION.

Sincerely,

Jerome Wright
Sr. Litigation Specialist
Georgia Administrative Services
On behalf of Dept. of Administrative Services
Direct Dial:     (678)325-2709
Email:           Jerome.Wright@doas.ga.gov

Risk Management Services
Phone: 404-656-6245          200 Piedmont Avenue SE · Suite 1220 West Tower · Atlanta, Georgia 30334-9010          Fax: 404-657-1188
www.doas.ga.gov

**State of Georgia**
**Department of Administrative Services**
Risk Management Division
200 Piedmont Avenue, Suite 1208 West Tower
Atlanta, Georgia 30334

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 30043    $ 000.50⁰
02 4W
0000338491 JUL 02 2020

DOAS 01

8/4/2021                                    Yahoo Mail - GL201906832 : Justin Bouchillon document

## GL201906832 : Justin Bouchillon document

From:  Doug Lenhardt (doug@lenhardtlaw.com)

To:     jerome.wright@doas.ga.gov

Cc:     vicki@lenhardtlaw.com; regina@lenhardtlaw.com

Bcc:    bouchillon2011@gmail.com

Date:  Wednesday, July 8, 2020, 12:34 PM EDT

Mr. Wright,
Please find attached the information requested on the above claim/claimant.  I will follow up with a phone call shortly.
Doug Lenhardt

The Law Office of
R. Douglas Lenhardt, LLC.
1280 W. Broad St.
Athens, GA 30606
Ofc: 706-369-5433
Fax: 706-369-6974

http://www.lenhardtlaw.com

**CONFIDENTIALITY NOTICE**
This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is legally privileged. This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

------ Forwarded Message ------
**From:** Vicki Rees <vicki@lenhardtlaw.com>
**To:** Doug Lenhardt <doug@lenhardtlaw.com>
**Sent:** Wednesday, July 8, 2020, 09:10:20 AM EDT
**Subject:** Justin Bouchillon document

Doug,

    Please find attached the document you requested.

Vicki Rees, Assistant to Mr. Lenhardt
The Law Office of
R. Douglas Lenhardt, LLC.
1280 West Broad Street
Athens, GA 30606
706-369-5433

1/2

Exhibit "A"                                                25 of 38

Bouchillon.Justin.Claim.Letter.Filled.7.8.20.pdf
380.3kB

Exhibit "A"                                                    26 of 38



Brian Kemp
Governor

J. Alexander Atwood
Commissioner

June 25, 2020

The Law Office of R. Douglas Lenhardt, LLC
1280 West Broad Street
Athens, Georgia 30606
Attn: R. Douglas Lenhardt

Re:     DOAS file number:    GL201906832
        State Agency:        Prosecuting Attorney Council
        Date of Loss:        07/26/2019
        Claimant:            Justin Bouchillon

Dear Mr. Lenhardt

We are in receipt of your correspondence advising us that you represent the above captioned claimant.

Before we can properly set up your client's claim we need the following information:

Claimant's Full Name: Justin Lamar Bouchillon
Claimant's Date of Birth: 03-30-1976
Claimant's Address: 3613 Flat Run Dr., Bethlehem, GA 30620
Claimant's Social Security Number: 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

Is your client receiving or eligible to receive Medicare/Medicaid/SSI? ___ Yes or ✓ No

PLEASE NOTE THAT WE CAN NOT PROPERLY SET UP YOUR CLIENT'S CLAIM UNTIL WE RECEIVE THIS INFORMATION.

Sincerely,

Jerome Wright
Sr. Litigation Specialist
Georgia Administrative Services
On behalf of Dept. of Administrative Services
Direct Dial:    (678)325-2709
Email:          Jerome.Wright@doas.ga.gov

Risk Management Services
Phone: 404-656-6245          200 Piedmont Avenue SE · Suite 1220 West Tower · Atlanta, Georgia 30334-9010          Fax: 404-657-1198
www.doas.ga.gov



**FILE COPY**

*The Law Office of*

*R. Douglas Lenhardt, LLC*

June 11, 2020

**Via Certified Mail**
Chief Tom Doran
Gwinnett Co. Police Dept.
770 Hi Hope Rd.
Lawrenceville, GA 30044

**Via Certified Mail**
Former Chief Butch Ayers
Gwinnett Co. Police Dept.
2620 Fort Daniels Dr.
Dacula, GA 30019-3039

**Via Certified Mail**
Mike Ludwiczak
County Attorney
75 Langley Dr.
Lawrenceville, GA 30046

**Via Certified Mail**
Charlotte Nash, Chairman
Gwinnett County B.O.C.
75 Langley Dr.
Lawrenceville, GA 30046

**Via Certified Mail**
Chris Carr
Attorney General
40 Capital Square SW
Atlanta GA 30334

**Via Certified Mail**
SPO E.S. Boyd, B1460
Gwinnett Co. Police Dept.
770 Hi Hope Rd.
Lawrenceville, GA 30044

**Via Certified Mail**
Assst. Chief Jesse Jones
Gwinnett Co. Police Dept.
770 Hi Hope Rd.
Lawrenceville, GA 30044

**Via Certified Mail**
Cpl. C.J. Lymber, B1075
Gwinnett Co. Police Dept.
770 Hi Hope Rd
Lawrenceville, GA 30044

**Via Certified Mail**
Danny Porter
Gwinnett County DA
75 Langley Dr.
Lawrenceville, GA 30046

RE:     **MY CLIENT:**            **Justin Lamar Bouchillon**
        **YOUR EMPLOYEES:**      **SPO E.S. Boyd, B1460**
                                 **Cpl. C.J. Lymber, B1075**
                                 **Asst. Chief Jesse Jones, Uniform Division**
        **INCIDENT DATE:**        **July 26, 2019**
        **INCIDENT LOCATION:**    **3613 Flat Run Dr., Bethlehem, GA 30620**

## NOTICE OF POSSIBLE CLAIM AND DEMAND TO PRESERVE EVIDENCE

Dear Chief Doran,

I am writing on behalf of Justin Lamar Bouchillon to inform the Gwinnett County Police Department, Gwinnett County, Gwinnett County District Attorney's Office, SPO E.S. Boyd, , individually , Cpl. C.J. Lymber, , individually, and Asst. Chief Jesse Jones, individually, of a possible claim. Mr. Bouchillon suffered injuries due to excessive force by SPO E.S. Boyd of the Gwinnett County P.D. and was falsely arrested, detained and imprisoned by SPO E.S. Boyd and other officers during an incident that occurred on July 26, 2019 in violation of his civil rights. Furthermore, Mr. Bouchillon was maliciously prosecuted by SPO Boyd, Cpl. C.J. Lymber, and Asst. Chief Jesse Jones.

Because of this excessive force, false arrest, false imprisonment and malicious prosecution, Mr. Bouchillon suffered physical, emotional and economic damages as well as harm to his reputation and defamation of his character. His damages are in excess of $75,000.00.

1280 West Broad St., Athens GA 30606—706-369-5433—doug@lenhardtlaw.com

Exhibit "A"                                                            28 of 38

As used in this document, "you" and "your" refers to Gwinnett County, Gwinnett County Police Department, Chief Doran, Former Chief Ayers, SPO Boyd, Cpl. C.J. Lymber, and Asst. Chief Jesse Jones, and its or their predecessors, successors, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, agents, attorneys, accountants, employees, partners or other persons occupying similar positions or performing similar functions.

I have not concluded my investigation into the incident, but am directing you to preserve all evidence that may be relevant to the incident and subsequent prosecution. Specifically, we demand that you preserve all documents, tangible things and electronically stored information including audio and/or video evidence potentially relevant to the issues surrounding this incident. In addition, we demand that you preserve the employment files of SPO Boyd, Cpl. C.J. Lymber, and Asst. Chief Jesse Jones, as well as any security footage and documents that would indicate which other officers were working on the date referenced above.

You are directed to preserve all materials related to this incident and the above-named individuals. You should anticipate that much of the information subject to disclosure or responsive to discovery in this matter is stored on your current and former computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones). Electronically stored information (hereinafter "ESI") should be afforded *the broadest possible definition* and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV, .MP3, .MP4 files);
- Video and Animation (e.g., .AVI, .MOV, MP4 and any other media files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!, etc.);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools, etc);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations, etc.)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., Zip, .GHO, etc.)

1280 W. Broad St., Athens GA 30606—706-369-5433—doug@lenhardtlaw.com

ESI resides not only in areas of electronic, magnetic and optical storage media reasonably accessible to you, but also in areas you may deem not reasonably accessible. You are obliged to preserve potentially relevant evidence from both these sources of ESI, even if you do not anticipate producing such ESI.

The demand that you preserve both accessible and inaccessible ESI is reasonable and necessary. Pursuant to amendments to the Federal Rules of Civil Procedure that have been approved by the United States Supreme Court (eff. 12/1/06), you must identify all sources of ESI you decline to produce and demonstrate to the court why such sources are not reasonably accessible. For good cause shown, the court may then order production of the ESI, even if it finds that it is not reasonably accessible. Accordingly, even ESI that you deem reasonably inaccessible must be preserved in the interim so as not to deprive the plaintiffs of their right to secure the evidence or the Court of its right to adjudicate the issue.

In the event you fail to properly secure and preserve this evidence, such failure will give rise to the legal presumption that the evidence would have been harmful to your case. See: O.C.G.A. § 24-14-22, *Sheats v. Kroger Co.*, 336 Ga. App. 307, 309 (2016).

Thank you in advance for your attention to this matter.

Warmest Regards,

R. Douglas Lenhardt

c.c. Justin Bouchillon

1280 W. Broad St., Athens GA 30606—706-369-5433—doug@lenhardtlaw.com

Exhibit "A"                                                    30 of 38



**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

**OFFICIAL USE**

| Certified Mail Fee | $3.55 | | | 0402 |
|---|---|---|---|---|
| $ | | $0.00 | | 18 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _$0.00_
☐ Certified Mail Restricted Delivery $ _$0.00_
☐ Adult Signature Required           $ _$0.00_
☐ Adult Signature Restricted Delivery $ _____

Postmark Here

Postage  $0.55

Total Postage and Fees  $4.10

06/11/2020

Sent To  Charlotte Nash, Chairman, Gwinnett County B.O.C.
Street and Apt. No., or PO Box No.  75 Langley Dr.
City, State, ZIP+4®  Lawrenceville, GA 30046

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

USPS.com® - USPS Tracking® Results

...TION AVAILABILITY AS A RESULT OF NATIONWIDE CO...

FAQs >

**Another Package +**

Remove ✕

## Tracking Number: 70161370000094956118

Your item has been delivered and is available at a PO Box at 7:52 am on June 15, 2020 in LAWRENCEVILLE, GA 30046.

# ✅ Delivered

June 15, 2020 at 7:52 am
Delivered, PO Box
LAWRENCEVILLE, GA 30046

**Get Updates ∨**

---

**Text & Email Updates**  ∨

---

**Tracking History**  ∧

**June 15, 2020, 7:52 am**
Delivered, PO Box
LAWRENCEVILLE, GA 30046
Your item has been delivered and is available at a PO Box at 7:52 am on June 15, 2020 in LAWRENCEVILLE, GA 30046.

**June 15, 2020, 7:32 am**
Out for Delivery
LAWRENCEVILLE, GA 30046

Feedback

Exhibit "A"    31 of 38

**CERTIFIED MAIL® RECEIPT**

*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

| | | |
|---|---|---|
| Certified Mail Fee $3.55 | | |
| $ $0.00 | 0402 | |
| Extra Services & Fees (check box, add fee as appropriate) | 18 | |
| ☐ Return Receipt (hardcopy)  $ $0.00 | | |
| ☐ Return Receipt (electronic)  $ $0.00 | Postmark | |
| ☐ Certified Mail Restricted Delivery $ $0.00 | Here | |
| ☐ Adult Signature Required  $ $0.00 | | |
| ☐ Adult Signature Restricted Delivery $ | | |
| Postage $0.55 | | |
| $ | | |
| Total Postage and Fees $4.10 | 06/11/2020 | |
| $ | | |

Sent To
_Former Chief Butch Ayers - Gwinnett Co. Police Dept._
Street and Apt. No., or PO Box No.
_2620 Fort Daniels Dr._
City, State, ZIP+4®
_Dacula, GA 30019- 3039_

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

USPS.com® - USPS Tracking® Results

...TION AVAILABILITY AS A RESULT OF NATIONWIDE CO...

FAQs >

**Another Package +**

Remove ✕

**Tracking Number: 70161370000094956156**

Your item was delivered to an individual at the address at 10:16 am on June 13, 2020 in DACULA, GA 30019.

## ⊘ Delivered

June 13, 2020 at 10:16 am
Delivered, Left with Individual
DACULA, GA 30019

**Get Updates ∨**

**Text & Email Updates**    ∨

**Tracking History**    ∧

**June 13, 2020, 10:16 am**
Delivered, Left with Individual
DACULA, GA 30019
Your item was delivered to an individual at the address at 10:16 am on June 13, 2020 in DACULA, GA 30019.

**June 12, 2020, 9:25 pm**
Departed USPS Regional Facility
ATLANTA NORTH METRO DISTRIBUTION CENTER

Feedback

Exhibit "A"    32 of 38

U.S. Postal Service
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee  $3.55 | | 0402 |
| $ | $0.00 | 18 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy)  $_____ | $0.00 | Postmark |
| ☐ Return Receipt (electronic)  $_____ | $0.00 | Here |
| ☐ Certified Mail Restricted Delivery  $_____ | $0.00 | |
| ☐ Adult Signature Required  $_____ | $0.00 | |
| ☐ Adult Signature Restricted Delivery $_____ | | |
| Postage   $0.55 | | |
| $ | | 06/11/2020 |
| Total Postage and Fees   $4.10 | | |
| $ | | |

Sent To Col. C.J. Lumber B1075 Gwinnett Co. Police Dept.
Street and Apt. No., or PO Box No. 770 Hi Hope Rd.
City, State, ZIP+4® Lawrenceville GA 30044

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

USPS.com® - USPS Tracking® Results

**TION AVAILABILITY AS A RESULT OF NATIONWIDE CO...**

FAQs >

**Another Package +**

Remove ✕

**Tracking Number:** 70161370000094956187

Your item was delivered to an individual at the address at 1:28 pm on June 15, 2020 in LAWRENCEVILLE, GA 30043.

## ✅ Delivered

June 15, 2020 at 1:28 pm
Delivered, Left with Individual
LAWRENCEVILLE, GA 30043

**Get Updates** ∨

---

**Text & Email Updates**                                                    ∨

---

**Tracking History**                                                        ∧

**June 15, 2020, 1:28 pm**
Delivered, Left with Individual
LAWRENCEVILLE, GA 30043
Your item was delivered to an individual at the address at 1:28 pm on June 15, 2020 in LAWRENCEVILLE, GA 30043.

**June 13, 2020, 10:06 am**
Delivery Attempted - No Access to Delivery Location
LAWRENCEVILLE, GA 30043

Feedback

Exhibit "A"                                           33 of 38

CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | $3.55 | | 0402 |
| $ | $0.00 | | 18 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)           $ _____
☐ Return Receipt (electronic)         $ _$0.00_
☐ Certified Mail Restricted Delivery  $ _$0.00_     Postmark
☐ Adult Signature Required            $ _$0.00_       Here
☐ Adult Signature Restricted Delivery $ _____

Postage  $0.55
$

Total Postage and Fees  $4.10
$

Sent To
Asst. Chief Jesse Jones- Gwinnett Co. Police Dept.
Street and Apt. No., or PO Box No.
770 Hi Hope Rd.
City, State, ZIP+4®
Lawrenceville, GA 30044

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

---

USPS.com® - USPS Tracking® Results

...TION AVAILABILITY AS A RESULT OF NATIONWIDE CO...

FAQs >

Another Package +

Remove ✕

**Tracking Number:** 70161370000094956194

Your item was delivered to the front desk, reception area, or mail room at 9:57 am on June 16, 2020 in LAWRENCEVILLE, GA 30043.

## ⊘ Delivered

June 16, 2020 at 9:57 am
Delivered, Front Desk/Reception/Mail Room
LAWRENCEVILLE, GA 30043

Get Updates ⌄

---

**Text & Email Updates**                                            ⌄

---

**Tracking History**                                                ⌃

**June 16, 2020, 9:57 am**
Delivered, Front Desk/Reception/Mail Room
LAWRENCEVILLE, GA 30043
Your item was delivered to the front desk, reception area, or mail room at 9:57 am on June 16, 2020 in LAWRENCEVILLE, GA 30043.

**June 16, 2020, 8:49 am**
Out for Delivery
LAWRENCEVILLE, GA 30043

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70161370000094956194%2C          1/2

Exhibit "A"                                                         34 of 38



USPS.com® - USPS Tracking® Results

**ΓION AVAILABILITY AS A RESULT OF NATIONWIDE CO...**

**FAQs >**

**Another Package ✚**

**Tracking Number:** 70161370000094956125

Remove ✕

Your item was delivered to an individual at the address at 1:28 pm on June 15, 2020 in LAWRENCEVILLE, GA 30043.

## ✅ Delivered

June 15, 2020 at 1:28 pm
Delivered, Left with Individual
LAWRENCEVILLE, GA 30043

**Get Updates ∨**

---

### Text & Email Updates    ∨

---

### Tracking History    ∧

**June 15, 2020, 1:28 pm**
Delivered, Left with Individual
LAWRENCEVILLE, GA 30043
Your item was delivered to an individual at the address at 1:28 pm on June 15, 2020 in LAWRENCEVILLE, GA 30043.

**June 13, 2020, 10:06 am**
Delivery Attempted - No Access to Delivery Location
LAWRENCEVILLE, GA 30043

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=3&text28777=&tLabels=70161370000094956125%2C%2C

1/2

**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

| Certified Mail Fee | $3.55 | | 0402 |
| $ | $0.00 | | 13 |

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $ _$0.00_
☐ Return Receipt (electronic)       $ _$0.00_
☐ Certified Mail Restricted Delivery $ _$0.00_
☐ Adult Signature Required          $ _$0.00_
☐ Adult Signature Restricted Delivery $ ____

Postage    $0.55
$
Total Postage and Fees    $4.10
$

Postmark Here

06/11/2020

Sent To  Mike Ludwiczak, County Attorney
Street and Apt. No., or PO Box No. 75 Langley Dr.
City, State, ZIP+4® Lawrenceville GA 30046

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

USPS.com® - USPS Tracking® Results

**TION AVAILABILITY AS A RESULT OF NATIONWIDE CO...**

FAQs >

Another Package +

Remove ✕

**Tracking Number:** 70161370000094956071

Your item has been delivered and is available at a PO Box at 7:52 am on June 15, 2020 in LAWRENCEVILLE, GA 30046.

## ⊘ Delivered

June 15, 2020 at 7:52 am
Delivered, PO Box
LAWRENCEVILLE, GA 30046

Get Updates ∨

Feedback

---

Text & Email Updates                                      ∨

---

Tracking History                                          ∧

**June 15, 2020, 7:52 am**
Delivered, PO Box
LAWRENCEVILLE, GA 30046
Your item has been delivered and is available at a PO Box at 7:52 am on June 15, 2020 in LAWRENCEVILLE, GA 30046.

**June 15, 2020, 7:31 am**
Out for Delivery
LAWRENCEVILLE, GA 30046

Exhibit "A"                                        36 of 38

**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

ATLANTA GA 303 **OFFICIAL USE**

| Certified Mail Fee | $3.55 | |
| $ | | 0402 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | 18 |
| ☐ Return Receipt (hardcopy) | $ _____ | |
| ☐ Return Receipt (electronic) | $ _____ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ _____ | Here |
| ☐ Adult Signature Required | $ _____ | |
| ☐ Adult Signature Restricted Delivery | $ _____ | |
| Postage $0.55 | | |
| Total Postage and Fees $4.10 | | 06/11/2020 |

Sent To Chris Carr - Attorney General
Street and Apt. No., or PO Box No. 40 Capital Square SW
City, State, ZIP+4® Atlanta GA 30334

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

USPS.com® - USPS Tracking® Results

ITION AVAILABILITY AS A RESULT OF NATIONWIDE CO...

**FAQs >**

**Another Package +**

Remove ✕

**Tracking Number:** 70161370000094956132

Your item was picked up at a postal facility at 8:58 am on June 13, 2020 in ATLANTA, GA 30334.

## ✅ **Delivered**

June 13, 2020 at 8:58 am
Delivered, Individual Picked Up at Postal Facility
ATLANTA, GA 30334

**Get Updates ∨**

Feedback

---

**Text & Email Updates**    ∨

---

**Tracking History**    ∧

**June 13, 2020, 8:58 am**
Delivered, Individual Picked Up at Postal Facility
ATLANTA, GA 30334
Your item was picked up at a postal facility at 8:58 am on June 13, 2020 in ATLANTA, GA 30334.

**June 13, 2020, 7:17 am**
Out for Delivery
ATLANTA, GA 30334

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=70161370000094956132%2C        1/2

Exhibit "A"                    37 of 38

**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*



| Certified Mail Fee | $3.55 | | 0402 |
| Extra Services & Fees (check box, add fee as appropriate) | | | 18 |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ $0.00 |
| Postage | $0.55 |
| Total Postage and Fees | $4.10 | | 06/11/2020 |

Sent To Danny Porter - Gwinnett County DA
Street and Apt. No., or PO Box No. 75 Langley Dr.
City, State, ZIP+4® Lawrenceville, GA 30046

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

USPS.com® - USPS Tracking® Results

...TION AVAILABILITY AS A RESULT OF NATIONWIDE CO...

FAQs ❯

## Another Package ➕

**Tracking Number:** 70161370000094956149

Remove ✕

Your item has been delivered and is available at a PO Box at 12:43 pm on June 16, 2020 in LAWRENCEVILLE, GA 30046.

## ✅ Delivered

June 16, 2020 at 12:43 pm
Delivered, PO Box
LAWRENCEVILLE, GA 30046

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

**June 16, 2020, 12:43 pm**
Delivered, PO Box
LAWRENCEVILLE, GA 30046
Your item has been delivered and is available at a PO Box at 12:43 pm on June 16, 2020 in
LAWRENCEVILLE, GA 30046.

**June 12, 2020, 12:56 pm**
Departed USPS Regional Facility
ATLANTA NORTH METRO DISTRIBUTION CENTER

Exhibit "A"    38 of 38