IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUSTIN LAMAR BOUCHILLON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 1:21-CV-05226-SCJ |
| | ) | |
| GWINNETT COUNTY; the | ) | |
| GWINNETT COUNTY POLICE | ) | |
| DEPARTMENT; E.S. BOYD, in his | ) | |
| individual capacity as an | ) | |
| OFFICER for GWINNETT | ) | |
| COUNTY, GEORGIA, POLICE | ) | |
| DEPARTMENT; TOM DORAN, | ) | |
| in his individual capacity as | ) | |
| FORMER CHIEF for GWINNETT | ) | |
| COUNTY, GEORGIA, POLICE | ) | |
| DEPARTMENT; JESSE JONES, in | ) | |
| his individual capacity as | ) | |
| ASSISTANT CHIEF for | ) | |
| GWINNETT COUNTY, GEORGIA, | ) | |
| POLICE DEPARTMENT; C.J. | ) | |
| LYMBER, in his official capacity as | ) | |
| CORPORAL for GWINNETT | ) | |
| COUNTY, GEORGIA, POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS GWINNETT COUNTY, E.S. BOYD, TOM DORAN, JESSE JONES, C.J. LYMBER AND PUTATIVE DEFENDANT GWINNETT COUNTY POLICE DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COME NOW Defendants Gwinnett County (hereinafter the "County"), E.S. Boyd (hereinafter "Officer Boyd"), Tom Doran, Jesse Jones, and C.J. Lymber (hereinafter "Officer Lymber") (hereinafter collectively the "Named County Defendants") and Putative Defendant Gwinnett County Police Department (hereinafter the "Police Department"), by and through counsel, and pursuant to Federal Rules of Civil Procedure 7(b) and 12(b)(6) and LR 7.1(A)(1), submit this memorandum of law in support of their motion to dismiss Plaintiff's Complaint in lieu of an answer and affirmative defenses to the Complaint and show as follows:

## I.    STATEMENT OF RELEVANT FACTS

On or about July 26, 2019, Officer Boyd and Officer Lymber were employed as Gwinnett County police officers, Tom Doran was the Gwinnett County Police Chief and Jesse Jones was the Gwinnett County Assistant Police Chief. *Complaint*, ¶¶ 5, 11, 14.  On that date, officers from the Gwinnett County Police Department served an arrest warrant for Plaintiff at his residence for violation of a bond

2

condition. *Complaint*, ¶¶ 14-16.  Plaintiff does not challenge the validity nor the service of this arrest warrant.

When the arresting officers arrived at Plaintiff's residence to serve the valid warrant, Plaintiff refused to open the door to officers, and made threatening statements against the officers eventually resulting in his arrest and subsequent incarceration for terroristic threats and obstruction. *Complaint*, ¶¶ 15-20, 23, 26. Plaintiff refused for hours to give himself up or to let officers into his residence, and eventually evaded law enforcement by sneaking out the back door of his house. Plaintiff was finally located in the woods behind his residence, when Officer Boyd was forced to taser Plaintiff in an effort to apprehend him. *Complaint*, ¶¶ 36-38.  The criminal charges of terroristic threats and obstruction against Plaintiff were dismissed by the DA.  *Complaint*, ¶¶ 66.

Plaintiff alleges, pursuant to 42 U.S.C.A. § 1983, that Officer Boyd violated his Fourth and Fourteenth Amendment rights to be free from the use of excessive force. *Complaint*, ¶¶ 81-86.  In addition, Plaintiff claims that Officer Boyd and the other Named County Defendants are liable for false arrest, false imprisonment, malicious prosecution, defamation, assault and battery. *Complaint*, ¶¶ 87-109. Plaintiff makes no claims against the County or the Police Department.

3

## II.    ARGUMENT AND CITATION OF AUTHORITY

### A.    LEGAL STANDARD FOR MOTION TO DISMISS

Rule 12(b)(6) states that a party may assert the defense of failure to state a claim upon which relief can be granted by motion, and this motion must be made before pleading when a responsive pleading is allowed.  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007).  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citing Twombly, 550 U.S. at 557.   Mere legal conclusions in a complaint should not be considered as true.  Id. at 678.

### B.    THE GWINNETT COUNTY POLICE DEPARTMENT IS NOT A LEGAL ENTITY CAPABLE OF BEING SUED

Plaintiff makes no claim against the Police Department. Even had he done so, the Police Department is not a legal entity capable of being sued.  The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Rule 17(b).

4

The Georgia Supreme Court explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317 (1988).

The Eleventh Circuit has held that police departments are not legal entities subject to suit.  Bunyon v. Burke County, 285 F. Supp.2d 1310, 1328 (S.D.Ga.2003) (dismissing claim against police department, reasoning it was not legal entity subject to suit); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga.1984) (concluding that the City of Atlanta police department is not a proper party defendant because the department is "merely the vehicle through which the City government fulfills its policing functions").   Therefore, the Police Department should be dismissed as a party defendant.

### C.    SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE COUNTY

Plaintiff's Complaint contains no claims against the County.  However, even if Plaintiff had alleged liability on the part of the County, it is immune from suit.

"The doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit." Conway v. Jones, 353 Ga. App. 110, 111 (2020), citing Watts v. City of Dillard, 294 Ga. App. 861, 862 (2008).

Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability, and therefore, whether a county has waived its sovereign immunity is a threshold issue. McCobb v. Clayton County, 309 Ga. App. 217, 217-218 (2011). "Any suit against the State barred by sovereign immunity is subject to dismissal pursuant to O.C.G.A. § 9-11-12 (b)(1) for lack of subject matter jurisdiction." Dept. of Pub. Safety v. Johnson, 343 Ga. App. 22, 23 (2017).

Sovereign immunity "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Conway, supra, 353 Ga. App. at 112. *See also* Ratliff v. McDonald, 326 Ga. App. 306, 309 (2014). Any waiver of sovereign immunity must be established by the party seeking to benefit from that waiver. Young v. Johnson, 359 Ga. App. 769, 771 (2021). Here, as there are no claims against the County, which is immune from suit, the County should be dismissed as a party defendant.

6

### D.    OFFICER BOYD IS NOT LIABLE FOR ANY VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C.A. § 1983

#### 1.  Fourth Amendment Standard

Plaintiff claims Officer Boyd used excessive force against him during his arrest, a claim analyzed under the Fourth Amendment.[1] "To prevail on a Fourth Amendment excessive-force claim, the plaintiff must show both that a seizure occurred, and the force used was unreasonable." Morrison v. City of Atlanta, 614 F. App'x 445, 447 (11th Cir. 2015).

"To determine whether an officer's force was unreasonable, [courts] consider (1) the severity of the crime; (2) whether the individual posed an immediate threat to the safety of the officers or others; . . . (3) whether the individual actively resisted arrest or attempted to evade arrest by flight[;] . . . (4) the need for force to be applied; (5) the amount of force applied in light of the nature of the need; and (6) the severity of the injury." Patel v. City of Madison, 959 F.3d 1330, 1339 (11th Cir. 2020).

---

[1] Plaintiff alleges a Fourteenth Amendment claim as well, but the Fourteenth Amendment excessive force claims relate only to pretrial detainees. Crocker v. Beatty, 995 F.3d 1232, 1247 (11th Cir. 2021).

Courts "must be careful not to Monday-morning quarterback but instead to judge the 'reasonableness' of a particular use of force from the perspective of a reasonable officer on the scene." Id. Indeed, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Saucier v. Katz, 533 U.S. 194, 209 (2001).

### 2. Officer Boyd is Qualifiedly Immune From Liability for the Alleged Violation of Plaintiff's Constitutional Rights

"When defending against a § 1983 claim, a government official may assert the defense of qualified immunity." Moore v. Sheriff of Seminole Cty., 748 F. App'x 229, 232 (11th Cir. 2018). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Anderson v. Creighton, 483 U.S 635, 638 (1987). An official asserting this defense must show that he "engaged in a discretionary function when he performed the acts of which the plaintiff complains." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

The burden then "shifts to the plaintiff to show that the defendant is *not* entitled to qualified immunity." Id. This requires the plaintiff to show that "(1) the defendant violated a constitutional right, and (2) this right was clearly

8

established at the time of the alleged violation." Id. The plaintiff's two-part burden need not be "analyzed sequentially; if the law was not clearly established, [the court] need not decide if the Defendants actually violated the Plaintiff's rights." Fils v. City of Aventura, 647 F.3d 1272, 1287 (11th Cir. 2011).

To establish a violation of clearly established law, a plaintiff must show "the preexisting law was so clear that, given the specific facts facing a particular officer, one must say that every reasonable official would have understood that what he is doing violates the Constitutional right at issue." Gates v. Khokhar, 884 F.3d 1290, 1302 (11th Cir. 2018). The critical inquiry is "whether the law provided the [officials] with fair warning that their conduct violated the Fourth Amendment." Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011). "Fair warning is most commonly provided by materially similar [binding] precedent from the Supreme Court, [the Eleventh Circuit], or the highest state court in which the case arose." Gates, 884 F.3d at 1296.

If the plaintiff cannot point to a materially similar binding precedent, he can establish fair warning *only if* the defendant's conduct violated federal law "as a matter of obvious clarity." Id. at 1014. *See also* Gaines v. Wardynski, 871 F.3d

9

1203, 1208–09 (11th Cir. 2017). This requires the plaintiff to show that (1) "the words of the federal statute or constitutional provision at issue are so clear and the conduct so bad that case law is not needed to establish that the conduct cannot be lawful," or (2) "the case law that does exist is so clear and broad (and not tied to particularized facts) that every objectively reasonable government official facing the circumstances would know that the official's conduct did violate federal law when the official acted." Id.

"Fourth Amendment jurisprudence has long recognized that the right to make an arrest carries with it the right to use some degree of physical coercion or threat thereof to effect it." Penley v, Eslinger, 605 F.3d 843, 849 (11th Cir. 2010), citing Graham v. Connor, 490 U.S. 386, 396 (1989). An officer who, as here, used *de minimus* force is entitled to qualified immunity. The Eleventh Circuit has repeatedly held that pushes, shoves, and grabs (and the like) fall into the category of *de minimus* force and are insufficient to overcome qualified immunity. "This Court has held that a variety of physical force techniques used by police on unhandcuffed individuals constituted *de minimus* force that does not rise to excessive force that could violate the Fourth Amendment." Gomez v. United States, 601 F. App'x 841, 850 (11th Cir. 2015).

10

*See,* Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013) (officer used *de minimus* force when he "grabbed Dustin by the arm, forced him to the ground, placed him in handcuffs, and searched him," even though this caused "injuries to [Dustin's] head, left wrist, left forearm, neck, and knees"); Croom v. Balkwill, 645 F.3d 1240, 1251-52 (11th Cir. 2011) (officer used unnecessary but *de minimus* force when she pushed an elderly woman, who had arthritis, to the ground and placed a foot or knee on her back for ten minutes); Bryan v. Spillman, 217 F. App'x 882, 886 (11th Cir. 2007) (officer used *de minimus* force when he "conducted a rough search of [plaintiff's] genitals, pushed him against a patrol car and held his head down against the car"). "[D]e minimis force, even when it is unnecessary, is not unlawful." Taylor v. Taylor, 649 F. App'x 737, 746 (11th Cir. 2016).

Plaintiff repeatedly refers throughout his Complaint to the use of a taser on him as deadly force. However, the Eleventh Circuit has made it clear that a taser is not a deadly weapon. Cantu v. City of Dothan, Alabama, 974 F.3d 1217, 1231 (11th Cir. 2020), citing Fils, 647 F.3d at 1276. In Teal v. Campbell, 603 F. App'x 820, 822 (11th Cir. 2015), the Eleventh Circuit held that a police officer who tasered a non-resisting plaintiff was entitled to qualified immunity. The Court stated that:

11

"Crucial issues in this case involve the *Graham* factors of whether Teal was resisting arrest or posed a threat to the safety of the officers or others. While Plaintiff argues that he was no longer resisting arrest at the moment the force was used, that misses an important point. In qualified immunity cases, we ask not whether the suspect intended to surrender or abandon his resistance. Rather, we ask whether a reasonable officer on the scene would have perceived that plaintiff was no longer resisting and no longer a threat."

In Bratt v. Genovese, 2015 WL 12835684 (M.D. Fla. 2015), the District Court granted qualified immunity to a police officer who tasered a plaintiff to subdue him, even though he was only arresting the plaintiff for a misdemeanor.  Id. at *6.  The Court held that the officer was entitled to qualified immunity because, as here, he only tasered the plaintiff once, and the plaintiff sustained minimal injury. Id.  The Court stated that "although Bratt may not have posed any immediate threat to the safety of George [the officer] at the time he was tased, a reasonable officer could have readily concluded that this level of force was both appropriate and necessary in light of the totality of the circumstances." Id.

In this case, the relevant inquiry is: did Officer Boyd have fair warning in July 2019 that tasering an individual who had eluded police for hours and was not obeying commands,[2] would violate Plaintiff's constitutional rights?  The answer

---

[2]*Complaint*, ¶¶ 29, 36-37

is: clearly no.  Based upon a thorough review of the caselaw from this Circuit, Officer Boyd is entitled to qualified immunity from Plaintiff's Fourth Amendment excessive force claim.

### E.    THE STATE LAW CLAIMS AGAINST THE NAMED COUNTY DEFENDANTS SHOULD BE DISMISSED

The Named County Defendants are immune from liability in their individual capacities for all alleged state law torts.[3]  Even if they were not immune, Plaintiff's state law torts of false arrest, false imprisonment, malicious prosecution, defamation, assault and battery should be dismissed as a matter of law.

### 1. The Named County Defendants Are Officially Immune From Liability

As law enforcement officers, the Named County Defendants are entitled to official immunity for Plaintiff's state law claims  Reed v. DeKalb County 264 Ga. App. 8.3 (2003); Gilbert v. Richardson, 264 Ga. 744, 750 (1994). Official immunity "protects individual public agents from personal liability for discretionary actions taken within the scope of their official authority, and done without willfulness,

---

[3] These four (4) defendants are sued only in their individual capacities.  Even if Plaintiff had sued them in their official capacities, sovereign immunity protects each of them from liability. "County officers sued in their official capacities – since a suit against a county officer in [his] official capacity is a suit against the county itself – enjoy the same sovereign immunity." Conway v. Jones, 353 Ga. App. 110 (2020), citing Layer v. Barrow County, 297 Ga. 871 (2015).

13

malice or corruption." Teston v. Collins, 217 Ga. App. 829, 830 (1995).

Although official immunity does not apply to purely ministerial duties, public officials are immune from individual liability for discretionary acts undertaken in the course of their duties and performed without willfulness, malice, or corruption. Schmidt v. Adams, 211 Ga. App. 156 (1993). Whether a duty is ministerial or discretionary turns on the character of the specific act itself. Id. at 157. Unlike a ministerial act, a discretionary act "calls for the exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed." Daley v. Clark , 282 Ga. App. 235, 237 (2006).

A law enforcement officer making an arrest or using force to effect an arrest is engaged in a discretionary function, entitling the officer to official immunity from liability. Rodriguez v. Kraus, 275 Ga. App. 118, 119 (2005); Anderson v. Cobb, 258 Ga. App. 159, 160 (2002); Mattox v. Bailey, 221 Ga. App. 546, 547 (1996). Because the making of an arrest, or the use of force to effect an arrest, are discretionary acts within the scope of the officer's official functions, a defendant is insulated from suit unless there is evidence that he acted with actual malice or intent to injure. Patrick v. Andrews, 356 Ga. App. 801, 805 (2020), citing Selvy

v. Morrison, 292 Ga. App. 702, 704-706 (2008) ("a deliberate intention to do wrong such as to constitute the actual malice necessary to overcome official immunity must be the intent to cause the harm suffered by the plaintiff"; "[e]vidence demonstrating frustration, irritation, and possibly even anger is not sufficient to penetrate official immunity, nor is proof of ill will, unless the ill will is combined with the intent to do something wrongful or illegal.")

In the context of official immunity, "actual malice" means a deliberate intent to do wrong. Merrow v. Hawkins, 266 Ga. 390, 392 (1996). To show malice, Plaintiff must be able to show that "at the time of the prosecution...[defendants] could have had no reasonable grounds for believing [plaintiff] to be guilty of the charge brought." Kelly v. Serna, 87 F.3d 1235, 1241 (11th Cir.1996).

"Actual malice does not include implied malice, or the reckless disregard for the rights and safety of others." Selvy, supra (holding that poor judgment, frustration, anger, irritation or rude behavior does not constitute actual malice). *See* Bashir v. Rockdale Cty., 445 F.3d 1323, 1333 (11th Cir. 2006) (holding that although sheriff's deputies acted unreasonably and violated plaintiff's Fourth Amendment rights in arresting plaintiff after their warrantless entry into his home, deputies were entitled to official immunity under Georgia law on state law claims

15

because plaintiff failed to demonstrate that the deputies possessed *a deliberate intention to do wrong* sufficient to satisfy the actual malice standard).

Neither does unreasonable conduct support an inference of actual malice. Bashir, supra. Even reckless disregard for the safety or rights of others does not rise to the level of actual malice. Daley v. Clark, 282 Ga. App. 235, 247 (2006) (holding that conduct displaying a reckless disregard for human life, such as actively hindering efforts to assist a high school student who suffered cardiac arrest during a fight, does not support a finding of actual malice). While the Complaint contains generalized statements regarding alleged malice, Plaintiff does not present specific evidence to support actual malice or intent to injure, and the Named County Defendants are entitled to official immunity from all of Plaintiff's state law claims.

## 2. Plaintiff's False Arrest Claim Should Be Dismissed

The elements of a false arrest claim are: (1) an arrest under the process of law, (2) without probable cause, and (3) made maliciously. Desmond v. Troncalli Mitsubishi, et al., 243 Ga. App. 71, 74-75 (2000); O.C.G.A. § 51–7–1. Probable cause is absent "when the circumstances would satisfy a reasonable person that the accuser had no ground for proceeding except a desire to injure the accused."

16

Thompson v. Howard Bros., Inc., 289 Ga. App. 273, 274 (2008).  Malice consists of: (1) personal spite, or (2) "general disregard of the right consideration of mankind, directed by chance against the individual injured." Desmond, supra.

To prevail against the Named County Defendants, Plaintiff must be able to show *both* that they acted maliciously and without probable cause. This Plaintiff cannot do. Plaintiff cannot point to any evidence of malice in his arrest.  Where, as here, the record contains no evidence of malice or intent to injure, no liability attaches to any police officer's exercise of his lawful discretion.  *See* Todd v. Kelly, 244 Ga. App. 404, 407 (2000).  As Plaintiff can satisfy neither the probable cause or malice requirements, his false arrest claim against the Named County Defendants should be dismissed.

### 3.  Plaintiff's Malicious Prosecution Claim Should Be Dismissed As A Matter of Law

The elements of a claim for malicious prosecution are (1) a criminal prosecution instituted or continued by the defendant; (2) with malice and without probable cause; (3) that terminated in plaintiff's favor; and (4) damages.  Brown v. GeorgiaCarry Org., Inc., 331 Ga. App. 890, 892 (2015). Malicious prosecution claims are disfavored under Georgia law. McClelland v. Courson's 441 South

17

Station Inc., 248 Ga. App. 170, 171 (2001); O.C.G.A. § 51–7–40.

Plaintiff was arrested for terroristic threats and obstruction, and the criminal charges terminated in his favor. Where, as here, the warrant is dismissed or not followed up, the remedy is for false arrest rather than malicious prosecution. "The distinction is important because malicious prosecution and [false] arrest *are mutually exclusive*; if one right of action exists, the other does not." Stephens v. Zimmerman, 333 Ga. App. 586, 590 (2015). Here, Plaintiff has no basis for a malicious prosecution claim, as he was not prosecuted for either terroristic threats or obstruction.

### 4.  Plaintiff's False Imprisonment Claim Should Be Dismissed

False imprisonment is unlawful detention without judicial process, or without the involvement of a judge at any point. O.C.G.A. § 51–7–20. Ferrell v. Mikula, 295 Ga. App. 326, 329 (2008). Here, Plaintiff was arrested on valid warrants, so as a matter of law, Plaintiff cannot make out a colorable claim for false imprisonment.

### 5.  The Named County Defendants Are Immune From Liability for Defamation

To prevail on a defamation claim, the plaintiff must show: (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication

18

to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm. Renton v. Watson, 319 Ga. App. 896, 900 (2013).

Some statements, although defamatory, are not actionable because they are considered privileged. O.C.G.A. § 51–5–8, which grants an absolute privilege from suit for defamatory statements made in judicial "pleadings," provides:

> "All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous."

Id., citing Stewart v. Walton, 254 Ga. 81, 82(2) (1985) (noting that O.C.G.A. § 51–5–8 creates an absolute privilege from suit).

The absolute privilege afforded by O.C.G.A. § 51–5–8 is not limited to "pleadings" as defined by O.C.G.A. § 9–11–7(a) of the Civil Practice Act but "has been more broadly construed ... to include 'official court documents' and acts of 'legal process.' " Renton, 319 Ga. App. at 901, citing Williams v. Stepler, 227 Ga. App. 591, 595(3) (1997).  Therefore, the Named County Defendants are absolutely immune from liability from Plaintiff's defamation claim.

19

**6. Plaintiff's Assault and Battery Claims Pursuant To O.C.G.A. §§ 51-1-13 and 51-1-14 Should Be Dismissed**

O.C.G.A. § 51-1-13 provides a cause of action for physical injury done to another, unless justified under some rule of law, and O.C.G.A. § 51-1-14 provides a cause of action for violent injury or illegal attempt to commit a physical injury. Only Officer Boyd is alleged to have had any physical contact with Plaintiff at Plaintiff's residence on July 26, 2019. It does not appear that any of the other Named County Defendants were even at Plaintiff's residence, much less had any contact with Plaintiff. As set forth above, Officer Boyd is officially immune from these two state torts. The claims against the other Named County Defendants have no legal basis, as the Complaint does not allege that any of them even touched Plaintiff on that date.

## III.    CONCLUSION

For the reasons set forth above, Plaintiff's federal constitutional and Georgia state law claims against all Defendants should be dismissed.

Respectfully submitted this 29th day of December, 2021.

(Signatures on following page)

20

/s/ Tuwanda Rush Williams
TUWANDA RUSH WILLIAMS
Deputy County Attorney
Georgia Bar No. 619545
tuwanda.williams@gwinnettcounty.com

**PLEASE DESIGNATE AS
LEAD COUNSEL AND SERVE
ALL NOTICES UPON:**

/s/ Elizabeth B. Taylor
ELIZABETH B. TAYLOR
Senior Assistant County Attorney
Georgia Bar No.  699920
elizabeth.taylor@gwinnettcounty.com

*Attorneys for Defendants*

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700

21

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUSTIN LAMAR BOUCHILLON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 1:21-CV-05226-SCJ |
| | ) | |
| GWINNETT COUNTY; the | ) | |
| GWINNETT COUNTY POLICE | ) | |
| DEPARTMENT; E.S. BOYD, in his | ) | |
| individual capacity as an | ) | |
| OFFICER for GWINNETT | ) | |
| COUNTY, GEORGIA, POLICE | ) | |
| DEPARTMENT; TOM DORAN, | ) | |
| in his individual capacity as | ) | |
| FORMER CHIEF for GWINNETT | ) | |
| COUNTY, GEORGIA, POLICE | ) | |
| DEPARTMENT; JESSE JONES, in | ) | |
| his individual capacity as | ) | |
| ASSISTANT CHIEF for | ) | |
| GWINNETT COUNTY, GEORGIA, | ) | |
| POLICE DEPARTMENT; C.J. | ) | |
| LYMBER, in his official capacity as | ) | |
| CORPORAL for GWINNETT | ) | |
| COUNTY, GEORGIA, POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been

prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type

face.

Respectfully submitted this 29th day of December, 2021.

/s/ Elizabeth B. Taylor
ELIZABETH B. TAYLOR
Senior Assistant County Attorney
Georgia Bar No.  699920
elizabeth.taylor@gwinnettcounty.com

***Attorney for Defendants***

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUSTIN LAMAR BOUCHILLON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 1:21-CV-05226-SCJ |
| | ) | |
| GWINNETT COUNTY; the | ) | |
| GWINNETT COUNTY POLICE | ) | |
| DEPARTMENT; E.S. BOYD, in his | ) | |
| individual capacity as an | ) | |
| OFFICER for GWINNETT | ) | |
| COUNTY, GEORGIA, POLICE | ) | |
| DEPARTMENT; TOM DORAN, | ) | |
| in his individual capacity as | ) | |
| FORMER CHIEF for GWINNETT | ) | |
| COUNTY, GEORGIA, POLICE | ) | |
| DEPARTMENT; JESSE JONES, in | ) | |
| his individual capacity as | ) | |
| ASSISTANT CHIEF for | ) | |
| GWINNETT COUNTY, GEORGIA, | ) | |
| POLICE DEPARTMENT; C.J. | ) | |
| LYMBER, in his official capacity as | ) | |
| CORPORAL for GWINNETT | ) | |
| COUNTY, GEORGIA, POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that I have this day served counsel for Plaintiff with a copy

of the foregoing **DEFENDANTS GWINNETT COUNTY, E.S. BOYD, TOM**

**DORAN, JESSE JONES, C.J. LYMBER AND PUTATIVE DEFENDANT GWINNETT COUNTY POLICE DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT** via the Court's CM/ECF System, which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.

Respectfully submitted this 29th day of December, 2021.

/s/ Elizabeth B. Taylor
ELIZABETH B. TAYLOR
Senior Assistant County Attorney
Georgia Bar No.  699920
elizabeth.taylor@gwinnettcounty.com

*Attorney for Defendants*

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6900
(770) 822-8700

2